IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 8:04CV92 |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| $14,000.00 IN UNITED STATES CURRENCY, | ) ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on a motion filed on January 4, 2005, by Oleh Hunka, who claims to be the rightful owner of $14,000.00 in currency that was forfeited to the United States, pursuant to a default judgment that was entered on October 19, 2004. Mr. Hunka requests that the default judgment be set aside pursuant to Fed. R. Civ. P. 55(c) and 60(b). The government has not responded to the motion.

The court file shows that a verified complaint was filed on March 2, 2004. It recites that the $14,000.00 was seized from Mr. Hunka on July 23, 2003, and that he had filed a claim for the money with the Drug Enforcement Agency. (Filing 1, ¶¶ 5, 6.) The government attempted to serve Mr. Hunka at an address in Denver, Colorado, but was unsuccessful. (Filing 9.) However, Mr. Hunks'a attorney, Jeff Courtney, was personally served in Omaha, Nebraska, on April 22, 2004, with a copy of the verified complaint and other papers. (Filing 8.) Notice was also published in Omaha, Denver, and Phoenix, Arizona. (Filings 10, 11, 13.)

On August 3, 2004, the government filed a motion for entry of default against Mr. Hunka and any other potential claimants. (Filing 14.) Default was entered by the clerk on August 5, 2004, and later that same day the government filed a motion for default judgment. (Filings 15, 16.)

On August 12, 2004, Mr. Hunka, through his attorney, Mr. Courtney, filed a motion for enlargement of time in which to respond to the verified complaint. The motion recited that Mr. Hunka had recently moved from Colorado to Hawaii, and that Mr. Courtney had Mr. Hunka's telephone number in Hawaii but not his address. He asked that Mr. Hunka be granted an extra 30 days to file a response. (Filing 17.) Magistrate Judge Piester granted the motion on August 26, 2004, providing that Mr. Hunka would have until September 10, 2004, to file a response. (Filing 19.) The order also set aside the clerk's entry of default and denied the government's motion for default judgment. (Id.)

On September 17, 2004, there having been no response filed by Mr. Hunka, the government filed a second motion for entry of default. (Filing 20.) Default was again entered on September 20, 2004. (Filing 21.) The government filed a motion for default judgment the next day. (Filing 22.) The default judgment and decree of forfeiture was entered by the undersigned on October 19, 2004. (Filing 23.)

Mr. Hunka's attorney recites in the motion that he now has an address for his client and that "it is possible to obtain a Verified Claim of Ownership" signed by Mr. Hunka. Unsigned copies of a verified claim of ownership and an answer to the complaint are also attached to the motion. No reason is provided for Mr. Hunka's failure to respond to the complaint before the extended deadline of September 10, 2004 (or, alternatively, to request a further enlargement of time).[1]

"Rule 55(c) provides that the district court may set aside an entry of default '[f]or good cause shown,' and may set aside a default judgment 'in accordance with Rule 60(b).' Although the same factors are typically relevant in deciding whether to set aside entries of default and default judgments, '[m]ost decisions . . . hold that relief from a default judgment requires a stronger showing of excuse than relief from

---

[1] More than one extension for filing a pleading will be granted by the court upon a showing of good cause. See NECivR 6.1(a) (2).

2

a mere default order.'" Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 783 (8th Cir. 1998) (quoting Connecticut Nat'l Mortgage Co. v. Brandstatter, 897 F.2d 883, 885 (7th Cir.1990)). Relevant considerations include "whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused." Id., at 784. Where, as here, a default judgment has been entered in an in rem civil forfeiture proceeding, the determinative factor is likely to be whether the claimant had actual knowledge of the proceeding. See United States v. Five Thousand Dollars in U.S. Currency, 184 F.3d 958, 960-61 (8th Cir. 1999) (remanding for determination of this fact issue); United States v. Crupples, 112 F.3d 318, 320 (8th Cir. 1997) (same).

While Mr. Hunka's motion cites Rule 60(b)(1) and (6),[2] no showing has been made of "excusable neglect" or "any other reason justifying relief." Indeed, no showing of any kind has been made. The motion is not supported by affidavits as required by NECivR 7.1(a)(2)(A) and, in any event, provides very little information.

Essentially, Mr. Hunka's attorney states that he filed a motion for enlargement of time and "shortly thereafter . . . was notified that the default had already been taken by the Plaintiff, an occurrence undersigned counsel was not aware of." (Filing 24, ¶ 6.) The record shows, however, that the default was not entered until a month after the motion for enlargement of time was filed, and that the default judgment was not entered until a month after that.[3] "[A]n attorney's ignorance or carelessness does not constitute excusable neglect under Rule 60(b)(1)." Ivy v. Kimbrough, 115 F.3d 550,

---

[2] "On motion and upon such terms as a just, the court may relieve a party or a party's representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (6) any other reason justifying relief from the operation of the judgment. . . ." Fed. R. Civ. P. 60(b).

[3] The record also shows, of course, that another two months elapsed before the instant motion was filed. Whether this filing was made within a "reasonable time" under Rule 60(b)(1) presents another issue of fact.

552 (8th Cir. 1997). See also United States v. 40 Acres of Land, 221 F.3d 1344 (Table), No. 99-4204, 2000 WL 872968 (8th Cir. 2000) (no abuse of discretion in denying Rule 60(b)(1) motion filed 3 days after summary judgment entered in civil forfeiture proceeding; attorney's claimed inability to communicate with incarcerated client during 14-day response period was not excusable neglect; attorney could and should have requested an extension of time) (unpublished disposition).

Accordingly,

IT IS ORDERED that the motion to set aside default (filing 24) filed by Oleh Hunka, claimant, is denied.

Dated: March 9, 2005                    BY THE COURT:

                                        s/ Richard G. Kopf
                                        United States District Judge